**Nicholas APONTE, Plaintiff–Appellant,**

**v.**

**John J. ARMSTRONG, John Doe, Ruiz, Corrections Officer; Green, Gomez, Correctional Officer; Maloney, Correction Officer, Defendant,**

Edward Arrington, Angel Martinez, Michael Lynch, Roxanne Ellis, Stephen J. Acerbo, Major Harris, Defendants–Appellees.

Docket No. 03–0186–PR.

United States Court of Appeals, Second Circuit.

June 27, 2005.

Nicholas Aponte, Cheshire, CT, for Appellant, pro se.

Matthew B. Beizer, Assistant Attorney General (Richard Blumenthal, Attorney General of the State of Connecticut, on the brief), Hartford, CT, for Appellee.

Present: WALKER, Chief Judge, FEINBERG, and WESLEY, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court is **VACATED and REMANDED FOR RECONSIDERATION.**

Plaintiff-appellant Nicholas Aponte appeals from the May 15, 2003, judgment of the district court granting summary judgment in favor of defendants-appellees, various prison officials at the Hartford County Correctional Center ("HCCC" or "defendants"), and dismissing Aponte's civil rights complaint, filed pursuant to 42 U.S.C. § 1983, alleging that defendants failed to protect him from another inmate who severely assaulted him, despite the fact that Aponte had repeatedly notified

defendants about the inmate's threats against him. The district court, adopting Magistrate Judge Fitzsimmons' Report and Recommendation ("R & R"), dismissed the complaint on the ground that Aponte had failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). We assume familiarity with the facts and with the issues raised on appeal.

We review the district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party. *World Trade Ctr. Props., L.L.C. v. Hartford Fire Ins. Co.*, 345 F.3d 154, 165–66 (2d Cir.2003). Summary judgment is appropriate only when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A fact is "material" for these purposes if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* We construe a *pro se* litigant's appellate briefs and other pleadings liberally and read such submissions to raise the strongest arguments they suggest, *see Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994), particularly when, as here, the complaint alleges civil rights violations. *See Weixel v. Bd. of Educ.*, 287 F.3d 138, 146 (2d Cir.2002).

■ Aponte maintains that the PLRA does not apply to failure-to-protect claims because such claims do not pertain to "prison conditions." In addition, he argues that his efforts to file informal grievances should be deemed sufficient to exhaust his administrative remedies because HCCC failed to apprise him of formal inmate grievance procedures although

HCCC is required to by statute and HCCC's own administrative directives. Aponte alleges that the only information he had been given about grievance procedures prior to the events in question was an inmate manual he was issued when he entered a different institution, the New Haven Correctional Center ("NHCC"). He further claims that he possessed the manual for only three to four days before it was confiscated by NHCC prison officials and never returned.

In the interim between the district court's Order granting summary judgment in this case and this appeal, this court issued a decision in *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir.2004), instructing district courts to conduct a three-part inquiry in cases "where a prisoner plaintiff plausibly seeks to counter defendants' contention that the prisoner has failed to exhaust available administrative remedies as required by the PLRA." Specifically, a district court should ascertain (1) whether administrative remedies were in fact "available" to the prisoner; (2) whether the defendants waived or are estopped from raising an affirmative defense of non-exhaustion because their own actions inhibited the prisoner from filing a proper grievance; and (3) whether there exist any alleged "special circumstances" that would excuse the prisoner's failure to exhaust. *Id.; see, e.g., Giano v. Goord*, 380 F.3d 670, 678 (2d Cir.2004) (holding that prisoner justifiably failed to file ordinary grievance when prisoner reasonably believed that Department of Corrections regulations foreclosed such recourse).

We find that a liberal reading of Aponte's amended complaint, together with the R&R and Aponte's arguments on appeal, indicate that he may have justifiably believed that he could exhaust his administrative remedies through available informal procedures. Connecticut's Grievance Program purports to "supplement"

its informal and formal complaint procedures, and it encourages inmates to first seek informal resolutions. Assuming Aponte's allegations are true, he sent multiple "inmate request forms" and letters to HCCC prison officials of varying authority. The subject of Aponte's § 1983 claim is that he never received any response to these informal complaints and that, while they were pending, he was severely assaulted by the very inmate from whom he was seeking protection.

■ We reject HCCC's contention that Aponte was on constructive notice of the prison's grievance procedures because he had previously received the inmate manual. The events giving rise to Aponte's grievance occurred at HCCC several months after his allegedly fleeting possession of the manual. It would be unreasonable under these circumstances to hold Aponte accountable for knowing that the HCCC inmate request forms he was using to assert his complaints would not exhaust his administrative remedies. Although HCCC asserts that Aponte could have asked for another copy of the manual, such a holding would effectively negate HCCC's affirmative obligation under Connecticut law to apprise inmates of the grievance procedures.

We also reject HCCC's contention that a failure to find constructive notice under these circumstances would require HCCC to not only give inmates manuals but also ensure that they have read and understood them. This argument grossly exaggerates the potential administrative burdens that a finding of exhaustion here would impose. Prisons are already obligated by Connecticut statute to give inmates a grievance manual each time they enter a correctional institution. At most, then, a finding of exhaustion on these facts would require HCCC to allow inmates to *keep* the manuals they are given, which hardly seems like a crushing burden.

For the foregoing reasons, we remand this to the district court to reconsider its finding that Aponte failed to exhaust his administrative remedies pursuant to the standard set forth in *Hemphill*, 380 F.3d at 686, and for such other proceedings as may be required. The judgment of the district court is hereby **VACATED and REMANDED FOR RECONSIDERATION.**